IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MO-KAN IRON WORKERS PENSION FUND, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) Case No. 06-0502-CV-W-FJG |
| V and J FAITH CONSTRUCTION, INC. et al. | )<br>)<br>) |
| Defendants. | ) |

## DEFAULT JUDGMENT

Pending before the Court is plaintiffs' Motion for Default Judgment (Doc. No. 6). Together with said motion are plaintiffs' suggestions in support (Doc. No. 7) and supplemental suggestions in support (Doc. No. 13). Plaintiffs filed their Complaint against the defendants on June 20, 2006 (see Doc. No. 1). Defendants were served on June 25, 2006 (see Doc. Nos. 4 and 5). Defendants' answers were due on July 17, 2006. Defendants filed no response to plaintiffs' complaint. On August 31, 2006, the Court entered a show-cause order (Doc. No. 9) directing defendants to show cause why default judgment should not be entered against them. Nevertheless, defendants did not respond to the Court's Order to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendants and in favor of plaintiffs, MO-Kan Iron Workers

1

Pension Fund, Mo-Kan Iron Workers Welfare Fund and Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

### COUNT I

1. That the plaintiff, MO-Kan Iron Workers Pension Fund, have and recover of and from the defendants for the period June 15, 2005 through April 18, 2006, the amount of **TWO THOUSAND, THREE HUNDRED TWENTY-THREE AND 88/100 ($2,323.88) DOLLARS** representing liquidated damages on the unpaid contributions; **FOUR HUNDRED EIGHTY-SIX AND 07/100 ($486.07) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, SIX HUNDRED TWELVE AND 74/100 ($1,612.74) DOLLARS** representing reasonable attorneys' fees; **THREE HUNDRED EIGHTEEN AND 78/100 ($318.78) DOLLARS** representing audit costs, for a total of **FOUR THOUSAND, SEVEN HUNDRED FORTY-ONE AND 47/100 ($4,741.47) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. That the plaintiff, MO-Kan Iron Workers Annuity Plan, have and recover of and from the defendants for the for the period June 15, 2005 through April 18, 2006, the amount of **TWO THOUSAND, ONE HUNDRED FIFTY AND 84/100 ($2,150.84) DOLLARS** representing liquidated damages on the unpaid contributions; **FOUR HUNDRED FORTY-NINE AND 65/100 ($449.65) DOLLARS** representing interest on the unpaid contributions; representing **ONE HUNDRED FORTY AND 24/100 ($140.24) DOLLARS** reasonable attorneys' fees; **TWENTY-SEVEN AND 72/100 ($27.72) DOLLARS** representing audit costs, for a total of

**TWO THOUSAND, SEVEN HUNDRED SIXTY-EIGHT AND 45/100 ($2,768.45) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

3. Defendants are hereby ordered to permit an accounting of defendants' business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 19, 2006,** to date.

4. That the plaintiff, MO-Kan Iron Workers Pension Fund, have and recover of and from the defendants a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **April 19, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendants' books and records has been completed and the specific total amounts due and owing by defendants to plaintiff for said period can be ascertained.

5. That the defendants specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the MO-Kan Iron Workers Pension Fund on behalf of employees working under the collective bargaining agreements.

6. That defendants put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

7. That defendants maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT II

1. That the plaintiff, Mo-Kan Iron Workers Welfare Fund, have and recover of and from defendants for the period June 15, 2005 through April 18, 2006, the amount of **ONE THOUSAND, EIGHT HUNDRED SEVENTY-SEVEN AND 53/100 ($1,877.53) DOLLARS** representing liquidated damages on the unpaid contributions; **THREE HUNDRED NINETY-TWO AND 55/100 ($392.55) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, SIX HUNDRED TWELVE AND 74/100 ($1,612.74) DOLLARS** representing reasonable attorneys' fees; **THREE HUNDRED EIGHTEEN AND 78/100 ($318.78) DOLLARS** representing audit costs, for a total of **FOUR THOUSAND, TWO HUNDRED ONE AND 60/100 ($4,201.60) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendants are hereby ordered to permit an accounting of defendants' business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from

employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 19, 2006,** to date.

3. That the plaintiff, Mo-Kan Iron Workers Welfare Fund, have and recover of and from defendants a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **April 19, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendants' books and records has been completed and the specific total amounts due and owing by defendants to plaintiff for said period can be ascertained.

4. That defendants specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Mo-Kan Iron Workers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendants put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendants maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as

required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

**COUNT III**

1. That the plaintiff, Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, have and recover of and from defendants for the period June 15, 2005 through April 18, 2006, the amount of **ONE HUNDRED NINETY-FOUR AND 07/100 ($194.07) DOLLARS** representing liquidated damages on the unpaid contributions; **FORTY AND 66/100 ($40.66) DOLLARS** representing interest on the unpaid contributions; **ONE HUNDRED FORTY AND 24/100 ($140.24) DOLLARS** representing reasonable attorneys' fees; **TWENTY-SEVEN AND 72/100 ($27.72) DOLLARS** representing audit costs, for a total of **FOUR HUNDRED TWO AND 69/100 ($402.69) DOLLARS** and their costs herein incurred and expended and that execution issue therefore.

2. Defendants are hereby ordered to permit an accounting of defendants' business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 19, 2006,** to date.

3. That the plaintiff, Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, have and recover of and from defendants a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to

have been paid to employees covered by said agreements from **April 19, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendants' books and records has been completed and the specific total amounts due and owing by defendants to plaintiff for said period can be ascertained.

4. That defendants specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund on behalf of employees working under the collective bargaining agreements.

5. That defendants put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendants maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

**IT IS SO ORDERED.**

Date: October 17, 2006           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                               United States District Judge